**Vonny JULIANA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–71491.**

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2010.*

Filed July 29, 2010.

James Willard Moore, Law Offices of James W. Moore, San Francisco, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Walter Manning Evans, Esquire, Trial, OIL, Stephen J. Flynn, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Vonny Juliana, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review in part, grant in part, and remand.

Substantial evidence supports the agency's denial of CAT relief because Juliana failed to show it is more likely than not that she would be tortured if removed to Indonesia. *See Wakkary,* 558 F.3d at 1067–68.

In assessing Juliana's asylum and withholding of removal claims, the agency only considered the incidents of harm she suffered on account of her Chinese ethnicity, and did not consider the harms she suffered on account of her Christianity. Because the agency has not considered the cumulative impact of these harms in assessing relief, we remand Juliana's asylum

and withholding of removal claims for the agency to consider in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Tampubolon v. Holder,* 598 F.3d 521, 526 (9th Cir.2010) ("[A]ny reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group.").

Each party shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).